IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION

| | |
|---|---|
| **CHRISTINA PABON** § | |
| *Plaintiff* § | |
| § | |
| **V.** § | |
| § | CIVIL ACTION NO. 4:25-cv-04491 |
| § | |
| § | |
| **DAVID LY, ET AL** § | |
| *Defendants.* § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT DEPUTY DAVID LY'S
MOTION TO DISMISS**

**I. INTRODUCTION**

Plaintiff Christina Pabon files this Response opposing Defendant Deputy David Ly's Motion to Dismiss.

The Motion misstates both the facts and the governing law. Plaintiff alleges an assault and unlawful arrest committed by an off-duty, plain-clothed officer acting outside any official capacity. Those allegations, accepted as true under Rules 12(b)(1) and 12(b)(6), establish plausible federal and state-law claims and defeat dismissal.

**II. PROCEDURAL BACKGROUND**

1. Plaintiff filed her Original Petition in the 113th Judicial District Court of Harris County on April 22, 2025.

2. Defendant Ly was served on or about August 22, 2025 and removed this case to federal court on September 22, 2025.

3. The Petition asserts claims under 42 U.S.C. § 1983, the Fourth Amendment, and Texas common law.

4.      The related criminal charge—Aggravated Assault on a Peace Officer—was dismissed in its entirety.

### III. STANDARD OF REVIEW

Under Rule 12(b)(1), a court must accept the pleadings as true and may dismiss only when jurisdiction is plainly lacking.

Under Rule 12(b)(6), dismissal is proper only when a pleading fails to allege facts that, if true, state a plausible claim. All reasonable inferences must favor the non-movant.

### IV. FACTUAL BACKGROUND

On October 19, 2023, Plaintiff was at Hartz Chicken, a restaurant owned by Defendant Ly's family, attempting to help her visibly intoxicated girlfriend leave the premises safely.

Defendant Ly—off duty, wearing plain clothes, and not acting in any official capacity—approached Ms. Pabon's car in an aggressive manner. Without identifying himself as a police officer, Ly lifted his Astros jersey to display a handgun tucked into his waistband. Fearing for her safety, Plaintiff attempted to leave. Ly grabbed the driver-side door handle, held on as the car moved forward, and fell to the ground. Plaintiff immediately returned to render aid. Rather than de-escalate, Ly tackled Plaintiff to the ground, causing injuries to her neck, shoulders, and back. He then placed her under arrest for Aggravated Assault on a Peace Officer, a charge later dismissed in full for lack of probable cause.

Plaintiff also suffers from preexisting medical conditions that were aggravated by the assault and arrest, resulting in lasting pain, emotional distress, and reputational harm.

At no time did Defendant Ly identify himself as law enforcement, nor was he performing any lawful duty. His actions were personal, reckless, and entirely outside the color or scope of law enforcement authority.

## V. ARGUMENT AND AUTHORITIES

### A. Subject-Matter Jurisdiction Exists

Federal-question jurisdiction arises under 28 U.S.C. § 1331 because Plaintiff asserts claims under 42 U.S.C. § 1983. Supplemental jurisdiction lies under 28 U.S.C. § 1367 for the related Texas claims. Defendant's Rule 12(b)(1) challenge lacks merit.

### B. Defendant Ly Acted Outside Any Official Capacity

Ly was off duty, out of uniform, and on private property. He was not investigating or enforcing any law but engaging in a personal confrontation. An officer who acts as a private citizen is not protected by qualified immunity or the Texas Tort Claims Act. See *Kentucky v. Graham*, 473 U.S. 159 (1985) (explaining that an official-capacity claim is one against the entity only when the official acts under color of law).

### C. Plaintiff States a Plausible § 1983 Claim

1. False Arrest / Unlawful Seizure – Ly's actions constituted an arrest without probable cause in violation of the Fourth Amendment. The dismissal of the criminal charge confirms the absence of legal justification.

2. Excessive Force – Tackling a citizen who returned to provide aid after an accident is objectively unreasonable. The facts alleged show an unjustified use of force by a person claiming police authority.

3. Malicious Prosecution – Ly initiated a baseless charge that terminated in Plaintiff's favor, meeting every element under Texas and federal law.

**D. Qualified Immunity Is Unavailing**

Qualified immunity protects only acts performed within discretionary authority and in good faith. Ly's conduct—off-duty, on private property, displaying a gun, and tackling Plaintiff—was neither discretionary nor lawful. Because he acted outside the scope of employment, qualified immunity cannot apply. See *Univ. of Tex. Med. Branch*, 425 F. Supp. 2d 826 (S.D. Tex. 2003) (holding the TTCA does not waive immunity for intentional torts such as assault).

**E. State-Law Claims Survive**

1. *Course and Scope of Employment Is a Fact Issue*

Plaintiff alleges Ly was acting personally and outside employment. Such factual questions cannot be decided on a Rule 12 motion.

2. *TTCA and Intentional Torts*

The Texas Tort Claims Act excludes certain intentional torts but allows negligence-based claims and alternative pleadings. *City of Hempstead v. Kmiec*, 902 S.W.2d 118 (Tex. App. 1995) (confirms intentional torts like false arrest and defamation fall outside the TTCA waiver).

3. *Individual Liability*

Public employees remain liable for acts outside official duties or with malice. *Jackson v. Tex. A&M Univ. Sys.*, S.D. Tex. 1996; *Rivera v. Tex. State Bd. of Med. Exam.*, 5th Cir. (reaffirming that intentional torts bar sovereign immunity but permit personal liability).

**F. Damages and Aggravation of Condition**

Ly's assault and arrest caused physical injury and aggravated pre-existing medical conditions. Under Texas law, a tortfeasor is responsible for the full extent of injury resulting from his actions, including aggravation of prior conditions.

### G. Right to Amend

Plaintiff's Petition provides fair notice and satisfies Rule 8(a). If additional detail is deemed necessary, Plaintiff requests leave to amend rather than dismissal.

## VI. CONCLUSION AND PRAYER

Defendant Ly's Motion to Dismiss asks this Court to excuse reckless, off-duty misconduct behind a badge. At this stage, the Court must accept Plaintiff's allegations as true.

Those allegations establish multiple constitutional and state-law claims that deserve to be heard on the merits rather than dismissed on technical grounds.

Accepting the pleaded facts as true, Plaintiff states valid claims under both federal and Texas law. Defendant Ly's motion seeks to shield personal misconduct with procedural arguments this Court should reject.

WHEREFORE, Plaintiff Christina Pabon respectfully prays that the Court:

1. DENY Defendant Ly's Motion to Dismiss in its entirety;
2. Alternatively, grant Plaintiff leave to amend; and
3. Award Plaintiff all such other and further relief, in law or in equity, to which she is justly entitled.

Respectfully submitted,

Infinity Law Group, PLLC
440 Louisiana Street
Suite 900
Houston, TX 77002

_____
Lena Hinton
Attorney for Plaintiff
Bar No. 24132526
lena@infinitylawgroup.ai

Office Phone: (832) 479-1832

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Response to Motion to Dismiss has been served on all counsel of record and/or the Respondent by electronic service, email, and/or certified mail in accordance with the Texas Rules of Civil Procedure on this the 25th day of October, 2025.

_____
LENA HINTON
Attorney for Plaintiff